IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, | § | |
| TDCJ No. 1300468, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-380-KC |
| | § | |
| RICK THALER,[1] Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## ORDER OF DISMISSAL

Petitioner Barry Dwayne Minnfee ("Minnfee"), a *pro se* state prisoner currently incarcerated at the Estelle Unit in Huntsville, Texas, claims in an application to proceed *in forma pauperis* that he has insufficient funds to pay the filing fee for a a writ of habeas corpus petition brought pursuant to 28 U.S.C. § 2254. In his petition, Minnfee alleges that various state officials plan to murder him in prison, and he asks that the Court to intervene and order his placement in federal protective custody.

Minnfee has a lengthy history of criminal convictions, frivolous civil rights complaints, and meritless habeas corpus petitions. For example, on July 23, 2002, a state court in Potter County, Texas, found Minnfee guilty of aggravated assault with a deadly weapon and sentenced him to two years' imprisonment. Further, on May 2, 2005, a state court in Fort Bend County, Texas, found him guilty of robbery with bodily injury and sentenced him to life imprisonment. During these and other periods of confinement, Minnfee filed over eighty unsuccessful civil

---

[1] Although Petitioner Minnfee named the United States Secret Service as the Respondent in this matter, the rules governing § 2254 cases provide that "[i]f the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody." *See* 28 U.S.C.A. § 2254 PROC. R. 2(a) (West 2011). Rick Thaler, as the Director of the Correctional Institutions Division for the Texas Department of Criminal Justice, exercises custody over Minnfee. Thus, he is the proper Respondent.

rights and habeas lawsuits in at least four states. As a result, United States District Courts in Texas barred him from proceeding *in forma pauperis* under the three strikes provision of 28 U.S.C. § 1915(g).[2] Moreover, the Fifth Circuit Court of Appeals issued a sanction and preclusion order in *Minnfee v. Quarterman*, No. 07-50446 (5th Cir. 2007), because Minnfee continued to file frivolous, unauthorized successive, and malicious lawsuits. In the order [ECF No. 3],[3] the Fifth Circuit imposed a $100.00 monetary sanction and ordered District Clerks to refuse further pleadings until he paid the sanction:

> The Clerks of all Federal District Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction. Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the Courts of this Circuit.[4]

Minnfee claims in a handwritten statement attached to his application that he paid the sanction. Court records maintained by the Fifth Circuit do not, however, support this assertion.

Accordingly, the Court finds that Minnfee has not paid the sanction and that the El Paso Division clerk should have refused Minnfee's application and petition. It appears, however, that the clerk did not know about the sanction and preclusion order. Therefore, the Court enters the following orders.

    1.    The Court **DENIES** Petitioner Barry Dwayne Minnfee's application to proceed *in*

---

[2] *Minnfee v. Coutee*, No. 5:03-CV-35 (W.D. Tex. Apr. 28, 2003); *Minnfee v. Robertson Unit*, No. 1:03-CV-23 (N.D. Tex. Feb 6, 2003); *Minnfee v. v. Shepard*, No. 2:02-CV-242 (N.D. Tex. Sept. 9, 2002); *Minnfee v. Swart*, No. 2:96-CV-274 (N.D. Tex May 26, 1999); *Minnfee v. Keeling*, No. 2:96-CV-235 (N.D. Tex. May 2, 1997).

[3] Order on Appeal from the United States District Court for the Western District of Texas, filed June 6, 2007.

[4] *Id.* at 3.

*forma pauperis* pursuant to the sanction and preclusion order issued by the Fifth Circuit Court of Appeals on June 6, 2007.

    2.    The Court **DISMISSES WITHOUT PREJUDICE** Petitioner Barry Dwayne Minnfee's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    3.    The Court **DENIES** Petitioner Barry Dwayne Minnfee a certificate of appealability.

    4.    The Court **DENIES** all pending motions, if any, as moot.

    5.    The Court **DIRECTS** the District Clerk to comply, in the future, with the sanction and preclusion order concerning Barry Dwayne Minnfee issued by the Fifth Circuit Court of Appeals on June 6, 2007.

    6.    The Court **FURTHER DIRECTS** the District Clerk to electronically serve a copy of this order via CM/ECF on the counsel for the Respondent, the Texas Attorney General, directed to the attention of Edward Marshall, Assistant Attorney General, Chief of Postconviction Litigation Division, and Laura Haney.

    **SO ORDERED**.

    **SIGNED** this 22nd day of **September 2011**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE